## Illoway, Trustee, Appellant, *v.* Gallagher.

*Replevin—Affidavit of defense—Title.*

1. In replevin by a trustee in bankruptcy against a warehouseman who came into possession of the goods in the course of his business, an affidavit of defense is sufficient which raises a question of ownership.

2. In such case, plaintiff should be put to proof to sustain his claim of title to the goods in possession of defendant in the name of the person who stored them.

Argued December 2, 1924.   Appeal, No. 131, Jan. T., 1925, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1923, No. 2567, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Bernard A. Illoway, trustee in bankruptcy of Jacob Schultz, and Samuel B. Rosenbloth, individually, and as copartners, trading as The Hub Stores, v. James Gallagher, trading as Gallagher's Warehouses and Swanson Warehouses.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Replevin.   Rule for judgment for want of sufficient affidavit of defense.   Before SHOEMAKER, P. J., and MC-DEVITT, J.

The opinion of the Supreme Court states the facts.

Rule discharged.   Plaintiff appealed.

*Error assigned* was order, quoting it.

*Bertram K. Wolfe,* with him *Aarons, Weinstein & Goldman,* for appellant.

*Joseph H. Taulane,* for appellee, was not heard.

PER CURIAM, January 5, 1925:

Judgment for want of a sufficient affidavit of defense in an action of replevin was refused, and this appeal ensued.   We affirm on the following excerpts from the opinion of the court below:

"Defendant is a public warehouseman in the City of Philadelphia, and, as such, came into possession of the goods in question, [which] were stored by a person representing himself to be J. B. E. Goodman.   Subsequently, plaintiff, as trustee in bankruptcy of the Hub Stores, a copartnership, claimed the goods and instituted an action of replevin to recover them.   Defendant refuses to recognize the claim of ownership, [averring] the nature of his business requires proper protection and

sufficient proof of ownership in the trustee in bankruptcy as opposed to that of the said J. B. E. Goodman, ......The affidavit of defense raises a question of fact [as to ownership], and it is the opinion of the court that plaintiff should be put to proof to sustain his claim of title to the goods in possession of defendant in the name of J. B. E. Goodman."

The order appealed from is affirmed.